David Abrams, Attorney at Law (DA-8126)
299 Broadway, Suite 1700
New York, New York 10007
Tel. 212-897-5821 Fax 212-897-5811

United States District Court
Southern District of New York

|  |  |  |
|---|---|---|
| Bryon Jackson, | ) ) ) | |
| Plaintiff, | ) ) | No. 10 cv 2698 (LTS) (KNF) |
| - against - | ) ) | |
| Credit Suisse Securities, LLC | ) ) | |
| Defendant. | ) ) ) | |

## Statement Pursuant to Local Rule 56.1

Pursuant to Local Rule 56.1 of the Southern District of New York, Plaintiff Jackson ("Mr. Jackson") respectfully responds as follows:

1. Admitted for purposes of the motion.

2. Admitted for purposes of the motion.

3. Not admitted. Jackson Aff. Para. 4.

4. Admitted for purposes of the motion.

5. Admitted for purposes of the motion. Plaintiff notes that the thank-you note was simply a professional courtesy and is a pre-written thank you note he normally sends after job interviews. Jackson Aff. Para. 7.

6. Not admitted. Jackson Aff. Para 4. Further, the jury is entitled to disbelieve testimony of an interested witness pursuant to Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000).

7.	Not admitted, as the jury is entitled to disbelieve testimony of an interested witness pursuant to Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000).   Further, the hiring took place after Mr. Jackson filed his initial discrimination complaint.  Jackson Aff. Para. 8.

8.	Admitted for purposes of the motion.

9.	Admitted for purposes of the motion.

10.	Not admitted, as the jury is entitled to disbelieve testimony of an interested witness pursuant to Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000).   Further, Dominique Christen was not scheduled on Defendant's Rule 26 Disclosures and Plaintiff did not have an opportunity to take discovery on this issue. Abrams Aff. Para. 2-3.

## Additional Facts

11.	Plaintiff Bryon Jackson ("Mr. Jackson"), is of Jamaican national origin.  Jackson Aff. Para. 2.

12.	 Mr. Jackson was specifically advised by the Defendant (the "Employer") that he was qualified for the position in question.  Jackson Aff. Para. 5.  Indeed, one interviewer stated that he was "perfect" for the job.  Id.

13.	 During his job interview with Mr. Ward, Mr. Ward asked Mr. Jackson about his national origin three times.  Id.

14.	Although Mr. Ward claimed at deposition that the question was simply to help Mr. Jackson feel comfortable, Mr. Ward does not deny asking the question multiple times.  Abrams Aff. Para. 4

15.	Mr. Jackson finally gave into the pressure of this inappropriate question and stated that he was of Jamaican origin.  Jackson Aff. Para. 6.

16. Mr. Ward then advised Mr. Jackson that he was from Barbados and had a Haitian on his team but that he had not gotten along well with Jamaicans in the past. *Id.*

17. Mr. Ward is indeed from Barbados and does indeed have a Haitian on his team. Abrams Aff. Para. 5

18. The Employer advised the EEOC that Mr. Jackson was denied employment because he lacked Series 7 and 63 licenses. Abrams Aff. Para. 6.

19. Mr. Ward admitted at his deposition that he learned Mr. Jackson lacked the licenses from an HR person with the Employer before the decision not to hire and therefore before the actual interview. Abrams Aff. Para. 7.

20. Mr. Ward also testified that he did not decide until mid-way through the interview that Mr. Jackson would not be hired. *Id.*

21. The Employer also stated to the EEOC that it was willing to consider Mr. Jackson even though he lacked the Series 7 and 63 licenses. Abrams Aff. Para. 8.

22. In addition, the Employer employs and continues to employ people who are theoretically subject to the same licensing requirement but who lack the licenses. Abrams Aff. Para. 9.

**[continued on next page]**

23. Although Mr. Jackson subsequently obtained employment, that employment has since ended. Jackson Aff. Para. 11.

                                                Respectfully submitted,

                                                /s/ David Abrams

                                                _____

                                                David Abrams, Attorney at Law
                                                 Attorney for Plaintiff
                                                Jackson

                                                299 Broadway, Suite 1700
                                                New York, NY 10007
                                                Tel. 212-897-5821
                                                Fax  212-897-5811

Dated: New York, NY
        February 7, 2011