David Abrams, Attorney at Law (DA-8126)
299 Broadway, Suite 1700
New York, New York 10007
Tel. 212-897-5821 Fax 212-897-5811

United States District Court
Southern District of New York

_____
                                    )
Bryon Jackson,                      )
                                    )
            Plaintiff,   )
                                    )   No. 10 cv 2698 (LTS) (KNF)
  - against -                      )
                                    )
Credit Suisse Securities, LLC       )
                                    )
            Defendant.   )
                                    )
_____)

## Affirmation of Bryon Jackson

Bryon Jackson hereby certifies as follows:

1. I am the plaintiff in the above-captioned matter and I make this affirmation in opposition to Defendant's motion for summary judgment.

2. I am of Jamaican national origin.

3. I applied for employment with Defendant Credit Suisse Securities LLC (the "Employer") in January, 2010.

4. Although I do not have a Series 7 or Series 63 license, I was specifically advised by the Employer's HR representative Allison Egan, that the position did not require that I have such a license when I started the job. Ms. Egan advised me that it would satisfactory to obtain the licenses within 90 days.

5. Ms. Egan also advised me in substance that I was qualified for the position by training and experience and in particular that my international trading experience was suitable. I was subsequently interviewed my Mr. Leonard of the Employer who stated

that I was "perfect" for the job. (Later, I was interviewed by Mr. Patrick Ward who stated that my international trading experience was "on point.")

6. I was interviewed by Mr. Patrick Ward. During the interview, Mr. Ward asked me about my national origin three times. I finally gave into the pressure of this inappropriate question and stated that I was of Jamaican origin. Mr. Ward then advised me that he had a Haitian on his team and was himself from Barbados but that in the past he had not gotten along well with Jamaicans with whom he had worked.

7. I was denied the position. Although it is true that I sent a thank-you note to Mr. Ward, this is simply a professional courtesy and is a pre-written thank you note I normally send after job interviews.

8. Further, at my deposition I had difficulty explaining some of the managed account terms because I have been out of managed accounts for some time now and I did not prepare for the deposition as I would have for a job interview. I also note that the employee hired by the Employer for the position in question was hired *after* I formally filed a complaint of discrimination against the Employer.

9. I did work for Merrill Lynch but the work was done as a consultant intermittently over the time period in question. Thus, my nominal employer was a third-party agency which is probably why Merrill Lynch does not have records of my having worked there.

10. If I had been offered the position with the Employer, I would have completed an application which would have specified the exact name of my nominal employer and all the relevant particulars.

11. Although it is true that I obtained employment subsequent to being denied the job with the Employer, that employment has since ended.

12. I certify that the foregoing statements are true. If any is willfully false, I am subject to punishment.

_____
Bryon Jackson

Dated: February 6, 2011
       New York, New York